IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKEY LOUIS ALFORD,

    Plaintiff,                             No. CIV S-10-2515 DAD P

    vs.

CRIST KELLY, et al.,                  ORDER AND

    Defendants.                 FINDINGS & RECOMMENDATIONS

/

        Plaintiff, a Los Angeles county inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.[1] Because plaintiff's claims arose from incidents and events that allegedly occurred in Los Angeles County, venue is not with this court. See 28 U.S.C. § 1391(b). However, rather than transfer this case to the U.S. District Court for the Central District of California, the court will instead recommend that this action be dismissed without prejudice.

        Title 28 U.S.C. § 1406(a) provides that where a case is filed laying venue in the wrong district the court "shall dismiss, or if it may be in the interest of justice, transfer such case

---

[1] Plaintiff has neither filed an in forma pauperis application nor paid the appropriate filing fee. Moreover, court records reveal that on numerous occasions prior to the filing of this action, plaintiff filed lawsuits that were dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted. See Alford v. Waters, Case No. CIV S-05-0949 GEB DAD P, Order filed May 25, 2005.

1

to any district . . . in which it could have been brought." Here, the interest of justice does not call for the transfer of this action. Plaintiff's complaint is made up of rambling allegations concerning his criminal proceedings, alleged interference with his automobile repair business, defendants' alleged advocacy of racial hate crimes, and claims of racism in the oil industry. Plaintiff identifies as defendants State Senator Kelly, Assemblyman Renner, and Sheriff Deputies Tweedy and Crosby. Plaintiff's complaint is frivolous on its face and defective.[2]

       Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

       Also, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice as improperly filed in this court. See 28 U.S.C. § 1406(a).

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 8, 2010.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
alf2515.56

---

[2] First, a civil rights action is not the appropriate legal action by which to challenge a criminal conviction. See Preiser v. Rodriguez, 411 U.S. 475 (1973). Second, plaintiff's claim that defendants violated provisions of the California Penal Code does not state a cognizable federal civil rights claim. Third, plaintiff seeks relief that is unavailable to him in a § 1983 action, such as continued entitlement to S.S.I. benefits until he can resume work, entitlement to open a checking account and the freedom to purchase, sell or trade automobiles. (See Compl. (Doc. No. 1) at 6.) Finally, plaintiff has named defendants that would be entitled to absolute immunity. Van de Kamp v. Goldstein, ___ U.S. ___, 129 S. Ct. 855, 860 (2009) (long-recognized that legislators enjoy absolute immunity for their official actions) (citing Imbler v. Pachtman, 424 U.S. 409, 417 (1976)).